Robert M. Pattison (State Bar No. 103528)
Mark S. Askanas (State Bar No. 122745)
Punam Sarad (State Bar No. 217091)
JACKSON LEWIS LLP
199 Fremont Street, 10th Floor
San Francisco, CA 94105
Telephone: (415) 394-9400
Facsimile: (415) 394-9401

**E-filing**

Attorneys for Defendant
PLATO, INC.

*ORIGINAL FILED*

*AUG 7 2008*

*RICHARD W. WIEKING*
*CLERK, U.S. DISTRICT COURT*
*NORTHERN DISTRICT OF CALIFORNIA*

*WHA*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JAMES D. YURMAN, an individual,

      Plaintiff,

      vs.

PLATO, INC., a Delaware corporation doing business in California; THE LIGHTSPAN PARTNERSHIP, INC., a California corporation; and Does 1 through 25,

      Defendant(s).

**CV 08 3794**

Case No.

**NOTICE OF REMOVAL TO FEDERAL COURT**

[28 U.S.C. §1441(a) and (b) – Diversity of Citizenship Jurisdiction]

TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA, PLAINTIFF JAMES D. YURMAN, AND TO HIS ATTORNEYS OF RECORD:

    PLEASE TAKE NOTICE that Defendant PLATO, INC. ("PLATO") hereby removes to this Court the state court action described below.

    1.    On June 4, 2008 an action was commenced in the Superior Court of the State of California in and for the County of Santa Cruz entitled *JAMES D. YURMAN, an individual, Plaintiff* vs. *PLATO, INC., a Delaware corporation doing business in California; THE LIGHTSPAN PARTNERSHIP, INC., a California corporation; and Does 1 through 25, Defendants*, as Case No. CV 160432. A true and correct copy of the complaint is attached as Exhibit A.

2.    The first date upon which Defendant PLATO received a copy of the complaint was July 9, 2008 when PLATO received from its agent for service of process a copy of the complaint and a summons from the state court. A true and correct copy of the summons is attached as Exhibit B; a true and correct copy of the "service of process summary transmittal form" from PLATO's agent for service of process is attached as Exhibit C. Exhibit C shows service of the summons and complaint on PLATO's agent for service on July 8, 2008. Exhibits A, B and C collectively include a copy of all process, pleadings, and orders served upon Defendants in this action.

3.    This action is a civil action of which this Court has original jurisdiction under 28 U.S.C. Section 1331, and is one that may be removed to this Court by PLATO pursuant to 28 U.S.C. Section 1441(a) and (b) in that it is a civil action between citizens of different states and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs.

MATTER IN CONTROVERSY

4.    Without conceding that Plaintiff is entitled to damages or could recover damages in any amount whatsoever, the amount in controversy in this action is more likely than not to exceed $75,000. The matter in controversy exceeds the sum of $75,000, exclusive of interest and costs, for the following reasons:

5.    Plaintiff's complaint alleges that during the three and a quarter years Defendants employed him (from November 1, 2004 through January 31, 2008), he was misclassified as an exempt employee, that he "routinely" worked more than eight hours a day and more than 40 hours in a week, and that he failed to receive overtime pay at rates of one and one-half his regular rate for hours worked over eight in a day or 40 in a week or at rates of double his regular rate for hours worked over 12 in a day. Plaintiff alleges that during this period he received hourly wage rates of a minimum of $32.94. Plaintiff alleges that at times during this period he received wages at a higher hourly base. Plaintiff claims he "routinely" worked more than eight hours a day or 40 hours per week.

6.    Plaintiff seeks unpaid overtime wages pursuant to California Labor Code sections 510 and 1198. (Complaint, ¶¶ 13, 15, 30, 39.) Assuming for purposes of this analysis only that

NOTICE OF REMOVAL TO FEDERAL COURT
[28 U.S.C. §1441(a) and (b) – Diversity of Citizenship Jurisdiction]    Case No.

1  Plaintiff's hourly rate is $32.94 (the lowest rate at which Plaintiff alleges he worked), that he
2  worked from November 1, 2004 to January 31, 2008, and that Plaintiff worked five hours per
3  week for which he did not receive overtime compensation, then the amount in controversy for
4  this allegation is approximately $41,751.45 [$49.41 ($32.94 x 1.5) x 169 weeks x 5 hours].

5       7.    Plaintiff also seeks two additional hours worth of pay for each day of work during
6  the alleged liability period on which PLATO allegedly failed to provide him both a meal and
7  rest period pursuant to California Labor Code section 226.7. (Complaint, ¶¶ 18, 19, 50, 53-54.)
8  Assuming for purposes of this analysis only that Plaintiff's hourly rate is $32.94 (the lowest rate
9  at which Plaintiff alleges he worked), that he worked from November 1, 2004 to January 31,
10  2008, that he worked five days per week during the alleged liability period, and that as alleged
11  he missed a meal and a rest break each day, then the matter in controversy for this allegation is
12  approximately $55,668.60 ($32.94 x 2 hours x 845 days).

13       8.    Plaintiff also seeks penalties pursuant to California Labor Code Sections 2698 et
14  seq. in the amount of $100.00 for each pay period for each initial Labor Code violation and
15  $200.00 for each pay period for each subsequent violation. (Complaint, ¶¶ 65-69.) Assuming
16  for purposes of this analysis only that during the period from Plaintiff's hire on November 1,
17  2004 through January 31, 2008 there were at least 80 pay periods, and that there is one Labor
18  Code violation each pay period, then the matter in controversy for this allegation is
19  approximately $15,900 ($200.00 x 79 pay periods + $100 for the initial pay period).

20       9.    Plaintiff also seeks so-called waiting time penalties under California Labor Code
21  section 203 for the alleged failure to pay him all wages due, in the form of unpaid overtime
22  premiums and as otherwise alleged in the Complaint, in an amount of at least $7,905.60 ($32.94,
23  the lowest hourly rate claimed by Plaintiff, x 8 hours/day x 30 days). (Complaint, ¶¶ 13, 38-39.)

24       10.    Plaintiff also seeks an unspecified amount of attorney's fees pursuant to statute.
25  (Complaint, ¶¶ 36, 42, 46, 64 and prayer ¶ 7.) "Attorneys' fees may be included in the amount
26  in controversy if recoverable by statute or contract." *Simmons v. PCR Technology*, 209
27  F.Supp.2d 1029, 1034 (N.D. Cal. 2002) (quoting *Galt G/S v. JSS Scandinavia* 142 F.3d 1150,
28  1155-56 (9th Cir. 1998)). Plaintiff alleges that attorney's fees are recoverable by statute in this

action . (Complaint, ¶¶ 36, 42, 46, 64 and prayer ¶ 7) (citing Calif. Labor Code sections 218.5 and 1194 and Calif. Code of Civil Procedure Section 1021.5.) It is more likely than not that the amount of attorney's fees in controversy exceeds $100,000. Attorney's fees accrue until the action is resolved for the purpose of the amount in controversy requirement. *Simmons*, 209 F. Supp.2d at 1034.

11.     Finally, by electronic mail message from Plaintiff's counsel to PLATO's counsel in Minneapolis, Minnesota dated July 28, 2008, Plaintiff demanded the sum of $99,185.39 to resolve the claims now alleged in the Complaint. A true and correct copy of such electronic mail communication dated July 28, 2008 is attached as Exhibit E. This sum establishes the jurisdictional amount in controversy required to establish jurisdiction in this Court in a diversity case. This electronic mail message represents an "other paper from which it may first be ascertained that the case is one which is or has become removable" under 28 U.S.C. section 1446(b).

DIVERSITY OF CITIZENSHIP

12.     This action is between citizens of different states, in that PLATO is informed and believes and the Complaint alleges that Plaintiff James D. Yurman ("Yurman") was at the time the action was commenced and still is a citizen of the State of California. (Complaint ¶2.)

13.     PLATO was at the time the action was commenced, and still is, a citizen of the State of Delaware under 28 U.S.C. Section 1332(c), in that it was and is incorporated under the laws of the State of Delaware.

14.     In addition, PLATO was at the time the action was commenced, and still is, a citizen of the State of Minnesota under 28 U.S.C. Section 1332(c), in that its principal place of business was and is in the State of Minnesota. PLATO's headquarters are in Bloomington, Minnesota, which is where all of PLATO's executives are located and where the majority of its corporate functions are carried out. Further, no single state contains a substantial predominance of PLATO's business activities. PLATO is in the business of computer and web-based instruction, curriculum planning and management, assessment, and related professional development and support services to K–12 schools. The State of Minnesota has the most

NOTICE OF REMOVAL TO FEDERAL COURT
[28 U.S.C. §1441(a) and (b) – Diversity of Citizenship Jurisdiction]     Case No.

1    P LATO employees. PLATO's salespeople are located in 29 of the 50 states, with a majority

2    located outside the State of California. PLATO's purchasing operations are based in the State of

3    Minnesota. Because no single state contains a substantial predominance of PLATO's business

4    operations, PLATO's principal place of business is the location of its headquarters, which is the

5    State of Minnesota. *Industrial Tectonics v. Aero Alloy*, 912 F.2d 1090, 1092-94 (9th Cir. 1990).

6          15.     No entity named "The Lightspan Partnership, Inc." exists. That entity merged into

7    PLATO before the filing of the Complaint and exists no longer. Attached as <u>Exhibit D</u> are true

8    copies of the corporate status report from the Secretary of State of the State of California

9    showing this corporation merged out of existence into another business entity. Plaintiff's

10    Complaint confirms these facts by its allegations of "unity of ownership and interest" among the

11    named Defendants and that "any individuality and separateness between said Defendants has

12    ceased." (Complaint, ¶ 23.) PLATO acquired The Lightspan Partnership, Inc., and merged that

13    entity's existence into its own.

14          16.     The presence of "Doe" defendants has no bearing on diversity with respect to

15    removal. 28 U.S.C. Section 1441(a).

16    Dated: August 7, 2008           JACKSON LEWIS LLP

17

18                    By:

19                         Robert M. Pattison
                           Mark S. Askanas

20                         Punam Sarad
                          Attorneys for Defendant

21                         PLATO, INC.

22

23

24

25

26

27

28

NOTICE OF REMOVAL TO FEDERAL COURT
[28 U.S.C. §1441(a) and (b) – Diversity of Citizenship Jurisdiction]    Case No.

# EXHIBIT A

1  UNITED EMPLOYEES LAW GROUP, P.C.
   Walter L. Haines, Esq.  SBN 71075
2  Gregory A. Douglas, Esq. SBN 147166
   Richard W. Greenbaum, Esq. SBN 93911
3  65 Pine Ave., #312
   Long Beach, CA 90802
4  Tel: (562) 256-1047
   Fax: (562) 256-1006
5

6  Attorneys for Plaintiff
   JAMES D. YURMAN
7



F I L E D

JUN ~ 4 2008

ALEX CALVO, CLERK
BY KAREN LAI
DEPUTY, SANTA CRUZ COUNTY

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                        COUNTY OF SANTA CRUZ

10

11  JAMES D. YURMAN, an individual        )   Case № CV 1 6 0 4 3 2
                                          )
12            Plaintiff,                  )   COMPLAINT FOR DAMAGES, RESTITUTION
                                          )   AND STATUTORY PENALTIES
13  vs.                                   )
                                          )   1.  Failure to Pay Overtime [Lab.C. §§ 510, 1194,
14                                        )       1198]
    PLATO, INC., a Delaware corporation   )   2.  Waiting Time Penalties [Lab.C. §§ 203, 558]
15  doing business in California; THE     )   3.  Failure to Provide Accurate Itemized
    LIGHTSPAN PARTNERSHIP, INC., a        )       Statements [Lab. Code §226]
16  California corporation; and DOES 1-25,)   4.  Failure to Provide Meal Periods
                                          )       [Lab.C. §§ 226.7, 512; IWC Wage Orders]
17            Defendant(s).               )   5.  Failure to Provide Rest Periods
                                          )       [Lab.C. §§ 226.7 and IWC Wage Orders]
18                                        )   6.  Unfair Competition [B&PC § 17200-et seq.]
                                          )   7.  Failure to Pay Overtime and Provide Itemized
19                                        )       Wage Statements [Labor Code §2699]
                                          )
20                                        )
                                          )
21                                        )
                                          )
22  _____)

23      COMES NOW Plaintiff JAMES D. YURMAN (hereinafter referred to as "YURMAN" or

24  "Plaintiff"), an individual, and complains and alleges against the above-named Defendants, and each of

25  them, for causes of action as follows:

26

27          ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

28      1.  Plaintiff brings this action against Defendants PLATO, INC., THE LIGHTSPAN

                                    1
                                                                      **[EXHIBIT A]**
─────────────────────────────────────────────────────────────
PLAINTIFFS' COMPLAINT FOR DAMAGES, RESTITUTION AND  STATUTORY PENALTIES

1  PARTNERSHIP, INC., and DOES 1 through 25, inclusive, for statutory damages, injunctive relief,

2  prejudgment interest, costs, attorney's fees, restitution, Labor Code penalties, and other appropriate relief

3  for Defendants' violations of various sections of the California Labor Code, Industrial Welfare Commission

4  Wage Orders, and Business & Professions Code §§ 17200-*et seq.*  Jurisdiction is proper in this Court

5  because alleged damages exceed $25,000.00 and Plaintiff seeks a permanent injunction according to Code

6  of Civil Procedure § 580 (b)(2).

7      2.  At all times mentioned herein, Plaintiff YURMAN was a resident of SANTA CRUZ County,

8  State of California.  YURMAN is a former employee of Defendants, and each of them.

9      3.  Plaintiff is informed and believes, and on that basis alleges, that at all times mentioned herein,

10  Defendant PLATO, INC. (hereinafter referred to as "PLATO" individually, or collectively as "Defendants")

11  was and is a business corporation with its principal place of business located at 10801 NESBITT AVE.

12  SOUTH, BLOOMINGTON, MN 55437.

13      4.  Plaintiff is informed and believes, and on that basis alleges, that at all times mentioned herein,

14  Defendant THE LIGHTSPAN PARTNERSHIP, INC. (hereinafter referred to as "LIGHTSPAN "

15  individually, or collectively with other Defendants as "Defendants") was and is a business corporation with

16  its principal place of business located at 10140 CAMPUS POINT DR., SAN DIEGO, CA 92121, in the

17  County of SAN DIEGO, State of California.

18      5.  Plaintiff is  informed and believes, and thereon alleges, that Defendants, and each of them,

19  directly employed or exercised control over Plaintiff's wages, hours, and/or working conditions, and were

20  thus "employers" within the meaning of all applicable statutes.  As such each Defendant,  pursuant to

21  section 558, subdivision (a), is a  person who is an employer or who is acting on behalf of an employer who

22  violates, or causes to be violated, a statute or wage order relating to working hours and is therefore subject

23  to a civil penalty, payable to the affected employee, equal to the amount of any underpaid wages.

24      6.  Plaintiff is informed and believes and thereon alleges, that at all times relevant herein, each and

25  every Defendant named herein, whether in their individual capacity or as a "Doe" Defendant, was at all

26  times relevant to Plaintiff's claims herein the agent, employee, servant, master, and/or employer of each

27  and every other Defendant, however named, and in doing the things herein alleged, were acting within the

28  course and scope of such agency or employment, and with the approval and ratification of each of the other

1 Defendants.

2  7. Plaintiff YURMAN is ignorant of the true names and capacities of defendants sued herein as

3 DOES 1 through 25, inclusive, and therefore sue said Defendants by such fictitious names and capacities.

4 Plaintiff will amend this complaint to show said Defendants' true names and capacities when they have

5 been ascertained.  Plaintiff is informed and believes and thereon alleges that at all times relevant,

6 Defendant PLATO, Defendant LIGHTSPAN , and each of said fictitiously named DOE defendants, was

7 a business entity or individual person who owned, controlled, or managed the business for which Plaintiff

8 worked, and/or who directly or indirectly exercised operational control over Plaintiff's wages, hours, and

9 working conditions.  Plaintiff further alleges that said each and every one of said Defendants held

10 ownership, officer, director and/or executive positions with the remaining Defendants, and acted on behalf

11 of the remaining Defendants, which included decision-making responsibility for, and establishment of,

12 illegal payroll practices and policies for Defendants which have damaged  Plaintiff in individual and

13 separate amounts.  Thus, all Defendants herein, whether named in this Complaint or named as DOES 1

14 through 25, were and are "employers" as a matter of law, and each is individually liable on all causes of

15 action alleged herein.

16  8. Plaintiff is informed and believes, and thereon alleges, that each and every Defendant herein is,

17 and at all times relevant hereto was, a person, corporation or other business entity existing and operating

18 within the confines of the State of California, and thus subject to the jurisdiction of the California courts

19 by reason of "minimum contacts" in California, and/or by purposeful availment of the California market

20 for labor of the kind provided by Plaintiff, and did transact and conduct business in the State of California,

21 and are thus subject to the jurisdiction of all laws, regulations and court decisions rendered by the State of

22 California.  Specifically, Defendants, and each of them, maintain offices, operate businesses, employ

23 persons, conduct business in, and pay employees by illegal payroll practices and policies in the County of

24 SAN DIEGO.

25  9. Plaintiff is further informed and believes, and thereon alleges, that each and every Defendant

26 herein aided and assisted the other Defendants in committing the wrongful acts alleged herein, and that

27 Plaintiff's damages were proximately caused by each and every Defendant herein.

28  10. Plaintiff is informed and believes, and on that basis alleges, that at all times herein mentioned,

PLAINTIFFS' COMPLAINT FOR DAMAGES, RESTITUTION AND  STATUTORY PENALTIES

1   each and every Defendant herein was in some fashion, by contract or otherwise, the successor, assign, joint

2   venturer, co-venturer, indemnitor, guarantor or partner of one or more of the remaining Defendants, and

3   all times relevant to Plaintiff's claim alleged herein, was acting within that capacity.

4       11. As a direct and proximate result of the unlawful acts of Defendants, Plaintiff has suffered and

5   continues to suffer from loss of earnings in amounts as yet unascertained, but subject to proof at trial.

6       12. YURMAN was employed as a Tech Support Analyst with Defendants, and each of them,

7   continuously from on or about NOVEMBER 1, 2004 until on or about JANUARY 31, 2008.  YURMAN's

8   job title did not necessarily accurately describe the work performed.  Plaintiff was not primarily engaged

9   (more than 50 percent of the time) in duties that meet the test of the exemption.

10      13. At all times relevant herein, Plaintiff YURMAN was entitled to an hourly rate of pay of

11  approximately $32.94 - $37.13 per hour.

12      14. Under Wage Orders established by the Department of Labor Standards and Enforcement

13  ("D.L.S.E."), YURMAN does not qualify as an "exempt employee", and therefore, YURMAN's

14  employment is subject to all appropriate laws with respect to a non-exempt employee who is entitled to an

15  hourly wage and therefore, also entitled to overtime wages.

16      15. YURMAN routinely worked in excess of eight (8) hours per day and forty (40) hours per week,

17  all without receiving proper wages, including without limitation overtime and/or double-time pay.

18      16. YURMAN was consistently paid incorrectly by Defendants, because they failed to pay

19  YURMAN the proper wages, for all hours worked, and for all applicable overtime hours to which

20  YURMAN was entitled.

21      17. At all times relevant herein, the Industrial Welfare Commission ("IWC") Wage Orders

22  applicable to Plaintiff's industry and occupation, applied to wages, hours, and working conditions of all

23  persons such as Plaintiff YURMAN, and his co-workers employed by Defendants, and each of them.

24      18. As a general rule, Defendants routinely denied Plaintiff herein, a ten (10) minute rest break in

25  the morning, and a ten (10) minute rest break in the afternoon, and/or a rest or meal break for every four

26  (4) hours each Plaintiff worked.

27      19. As a general rule,  Plaintiff was prevented from taking a thirty (30) minute meal break after

28  working for over five (5) hours, and/or again after working over ten (10) hours in the same day,

4

1    contravening provisions of the Labor Code.

2      20. Throughout YURMAN's employment, Defendants and each of them failed to provide Plaintiff

3 YURMAN with accurate itemized wage statements showing the correct number of hours worked by

4 YURMAN at the effective regular and overtime rates of pay applicable to those hours worked.

5      21. On APRIL 14th, 2008, Plaintiff by certified mail served notice of the violations alleged in this

6 complaint, in the manner required by Labor Code § 2699.3, on the California Labor & Workforce

7 Development Agency, 801 K Street, Suite 2101, Sacramento, CA 95814 (hereinafter the "LABOR

8 BOARD." Said notice was also served by certified mail on Defendants, at Defendants' last known

9 address(es). Upon the expiration of thirty-three (33) days or more following the sending of the notice, if

10 neither of the Plaintiff herein, nor Plaintiff's counsel have received notice from the LABOR BOARD that

11 said agency was accepting Plaintiff's claim for prosecution, Plaintiff alleges the right to proceed with all

12 remedies provided by law, including in addition to any compensatory damages awarded on Plaintiff's

13 complaint herein, any and all statutory penalties which are collectible by Plaintiff under the provisions of

14 Labor Code §§ 2698-2699.5, commonly known as the Labor Code Private Attorney General Act of 2004.

15      22. Plaintiff is informed and believes, and on that basis alleges, that at all times herein mentioned,

16 one or more of Defendants herein was the alter ego of one or more of the other Defendants, and as

17 hereinafter alleged, was acting for their own benefit and/or the benefit of one or more of the remaining

18 Defendants.

19      23. Plaintiff is informed and believes, and thereon alleges, that there exists a unity of ownership and

20 interest, between one or more of Defendants herein and one or more of the other Defendants herein, such

21 that any individuality and separateness between said Defendants has ceased, and the said other Defendants,

22 and each of them, was at all times relevant to each respective Plaintiffs' claim, the alter ego of and all other

23 Defendants.

24      24. Plaintiff is informed and believes and thereon alleges the Court's adherence to the fiction of the

25 separate existence of any or all Defendants as entities distinct from the other Defendants would permit an

26 abuse of the corporate privilege, would sanction fraud and/or promote injustice in that said Defendants, and

27 each of them, have defaulted on their individual and collective obligations to Plaintiff under California law.

28      25. Plaintiff is informed and believes and thereon alleges that one or more of Defendants herein was

5

an entity which is, and at all times herein mentioned was, controlled, dominated, and operated by one or more of the other Defendants and in that the activities and business of the other Defendants was carried on without the holding of director's or shareholders meetings and no records or minutes of any corporate proceedings were maintained.

26.  Plaintiff is informed and believes and thereon alleges that one or more of Defendants herein, and all other business entity Defendants herein, is and at all times herein mentioned was, a mere shell and sham without the requisite capital and assets. Thus, said all other business entity Defendants herein, is and at all times herein mentioned was, so inadequately capitalized that, compared with the business to be done by Defendant, said capitalization was in adequate to do business properly and legally under California law.

## CLAIMS FOR RELIEF

## FIRST CAUSE OF ACTION

### (Failure to Pay Overtime – Against All Defendants)

27.  Plaintiff realleges and incorporates by reference under this cause of action each and every allegation made in each and every paragraph hereinabove, as if fully set forth hereunder.

28.  Pursuant to Labor Code §§ 510, 558, 1194, 1198 and related statutes, and also pursuant to all IWC Wage Orders applicable to Plaintiff's industry and occupation, Defendants were required to compensate Plaintiff herein for all overtime actually worked, at the rate of one and one-half (1 ½) times the regular rate of pay for hours worked in excess of forty (40) hours per week.

29.  Pursuant to Labor Code §§ 510, 558, 1194, 1198 and related statutes, and also pursuant to all IWC Wage Orders applicable to Plaintiff's industry and occupation, beginning on or about Plaintiff's respective first dates of employment, and continuing until the date each respective Plaintiff ceased to be employed by Defendants, or any of them, Defendants and each of them were required to compensate each Plaintiff for all overtime actually worked, which is calculated according to law for all hours worked in excess of eight (8) hours per day, 40 hours per week or on specific days of the week, as shall be shown at the time of trial.

30.  Plaintiff YURMAN was a nonexempt employee entitled to the protections of the California

6

Labor Code, and all IWC Wage Orders applicable to Plaintiff's industry and occupation. During the course of YURMAN's employment, Defendants, and each of them, failed to compensate Plaintiff YURMAN for overtime hours worked in excess of eight (8) hours per day and/or forty (40) hours per week and double-time hours for hours worked in excess of twelve (12) hours per day, as required under the aforementioned labor regulations.

31. Beginning on or about NOVEMBER 1, 2004, pursuant to Labor Code §§ 200, 510, 1194, and 1198, and all IWC Wage Orders applicable to Plaintiff's industry and occupation, Defendants were required to compensate Plaintiff with premium pay for all overtime work performed, for hours worked in excess of eight (8) per day and/or forty (40) hours per week and for the first eight (8) hours on the seventh (7th) consecutive day of any work week, and double time after twelve (12) hours in any single workday and/or after eight (8) hours on the seventh (7th) consecutive day of any work week.

32. At all times relevant herein, Labor Code § 1194(a) provided that an employee, in the position of YURMAN, who had not been paid overtime compensation could recover the unpaid balance of the full amount of overtime wages due, including interest thereon, together with reasonable attorney's fees and costs of suit.

33. Within the last four (4) years preceding the filing of this complaint, Defendants have employed Plaintiff YURMAN as a Tech Support Analyst.

34. Throughout Plaintiff's respective employment, Defendants have failed and refused to pay and properly calculate overtime compensation to Plaintiff as required by law.

35. As a direct and proximate result of Defendants' willful, knowing, and intentional failure to pay overtime wages, YURMAN has suffered and continues to suffer wage losses in a sum according to proof.

36. Plaintiff has incurred and continues to incur legal expenses and attorney's fees. Plaintiff is entitled to legal expenses and attorney's fees pursuant to California Labor Code §1194(a), in sum according to proof.

7

## SECOND CAUSE OF ACTION

### (Waiting Time Penalties - Cal. Lab. Code §§ 203, 558 et seq. –  Against All Defendants)

37.  Plaintiff realleges and incorporates by reference under this cause of action each and every allegation made in each and every paragraph hereinabove, as if fully set forth hereunder.

38.  Plaintiff YURMAN ceased being employed by Defendants, on or about JANUARY 31, 2008, whereby all monies owed must be paid, pursuant to statute (Labor Code §§201(a) and 227.3), to YURMAN within the time prescribed by law.

39.  To date, Plaintiff YURMAN has still not been paid in full for, but not limited to: wages owed, overtime or double-time owed.

40.  Defendants have willfully failed to pay  Plaintiff all monies owed to Plaintiff.

41.  As a result of these failures to pay,  Plaintiff is individually entitled to waiting time penalties pursuant to Labor Code § 203, for a period of thirty (30) days.

42.  Plaintiff has  incurred, and continues to incur, legal expenses and attorney's fees.  Plaintiff is entitled to legal expenses and attorney's fees, pursuant to Labor Code §218.5, in a sum according to proof.

## THIRD CAUSE OF ACTION

### (For Violation of Labor Code § 226 – Failure to Provide Accurate Itemized Statements
### Against All Defendants)

43.  Plaintiff realleges and incorporates by reference under this cause of action each and every allegation made in each and every paragraph hereinabove, as if fully set forth hereunder.

44.  At all times relevant herein, Defendants violated Labor Code § 226, in that Defendants failed to properly and accurately itemize the number of hours worked by Plaintiff at the effective regular rates of pay and the effective overtime rates of pay.

45.  In a letter dated APRIL 14th, 2008 to PLATO, INC., demand was made by Plaintiff for his/her employment records. Defendants having willfully failed to produce any of the requested records, as a legal and proximate result, Defendants are liable for penalties in sums to be calculated and imposed by the Court at the time of trial in this matter.  Defendants and each of them are in violation of Labor Code § 226, and are thus liable jointly and severally as set forth below.

8

46. Defendants and each of them, knowingly and intentionally failed to comply with Labor Code § 226, causing damages to Plaintiff. These damages, including but limited to costs expended calculating the true hours worked and the amount of employment taxes which were not properly paid to state and federal tax authorities, are difficult to estimate. Therefore, Plaintiff elects to recover liquidated damages of $50.00 for the initial pay period in which the violation occurred, and $100.00 for each violation in subsequent pay periods pursuant to the Labor Code § 226, in an amount according to proof at the time of trial (but in no event more than $4000 for respective Plaintiff herein) plus reasonable attorney's fees and costs, plus a penalty of $750.00 pursuant to Labor Code § 226(e)(f).

## FOURTH CAUSE OF ACTION

### (Compensation for Required Meal Periods Not Provided – Lab. Code §§ 226.7, 512, and IWC Wage Orders – Against All Defendants)

47. Plaintiff realleges and incorporates by reference under this cause of action each and every allegation made in each and every paragraph hereinabove, as if fully set forth hereunder.

48. Labor Code § 512 and all IWC Wage Orders applicable to Plaintiff's industry and occupation generally require an employer to provide employees a meal period of not less than 30 uninterrupted minutes for every five hours worked.

49. Plaintiff alleges on information and belief that Defendants and each of them violated Labor Code § 512, and all IWC Wage Orders applicable to Plaintiff's industry and occupation, by failing to provide Plaintiff the requisite 30-minute meal periods required by law throughout Plaintiff's respective employment.

50. Plaintiff alleges on information and belief that Defendants further violated Labor Code § 226.7, and all IWC Wage Orders applicable to Plaintiff's industry and occupation, by failing to pay one hour of compensation at Plaintiff's regular rate of pay for each work day that the meal period was not provided, in amounts to be shown at the time of trial but believed to be in excess of $2,500.00. This amount is still owed and unpaid.

# FIFTH CAUSE OF ACTION

## (Compensation For Required Rest Periods Not Provided – Lab. Code §§ 226.7 and IWC Wage Orders – Against All Defendants)

51.  Plaintiff realleges and incorporates by reference under this cause of action each and every allegation made in each and every paragraph hereinabove, as if fully set forth hereunder.

52. Pursuant to Labor Code § 226.7, and all IWC Wage Orders applicable to Plaintiff's industry and occupation, Defendants were required to authorize and permit employees, such as Plaintiff herein, to take rest periods, based upon the total hours worked at a rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof, with no deduction from wages.

53.  Defendants failed and refused to authorize and permit Plaintiff to take ten (10) minute rest periods for every four (4) hours worked, or major fraction thereof, in violation of Labor Code § 226.7 and all IWC Wage Orders applicable to Plaintiff's industry and occupation.

54.  Defendants further violated Labor Code § 226.7, and all IWC Wage Orders applicable to Plaintiff's industry and occupation, by failing to pay Plaintiff according to law, in amounts according to proof at the time of trial, which amounts remain owing and unpaid.

# SIXTH CAUSE OF ACTION

## (For Unfair Competition In Violation of Unfair Business Practices- Business & Professions Code §§ 17200 *et. seq.* – By Plaintiffs Acting Each Individually – Against All Defendants)

55.  Plaintiff realleges and incorporates by reference under this cause of action each and every allegation made in each and every paragraph hereinabove, as if fully set forth hereunder.

56. California Business & Professions Code §§ 17200-*et seq.* prohibits acts of unfair competition, which includes any "unlawful and unfair business practices."

57.  Defendants' and each of their conduct, as alleged herein, has been and continues to be unfair, unlawful, and deleterious to Plaintiff herein.  Plaintiff hereby seeks to enforce important rights within the meaning of Code of Civil Procedure § 1021.5.  Plaintiff is a "person" within the meaning of the Business & Professions Code § 17204, and therefore possesses standing to bring this suit for injunctive relief and restitution.

10

58. It is the policy of this State to enforce minimum labor standards, to ensure that employees are not required or permitted to work under substandard and unlawful conditions, and to protect those employers who comply with the law from losing competitive advantage to other employers who fail to comply with labor standards and requirements.

59. Through the conduct alleged herein, Defendants acted contrary to these public policies and have engaged in unlawful and/or unfair business practices in violation of Business & Professions Code §§ 17200 et. seq., depriving Plaintiff herein, of the rights, benefits, and privileges guaranteed to employees under California law.

60. Defendants, and each of them, regularly and routinely violated the following statutes and regulations with respect to Plaintiff herein: all IWC Wage Orders applicable to Plaintiff's industry and occupation; Labor Code §§ 510 and 1194 (failure to pay overtime pay); Labor Code § 226 (failing to provide accurate wage statements to employees at the time of payment); and/or Labor Code §§ 226.7 and 512, and all IWC Wage Orders applicable to Plaintiff's industry and occupation (failure to provide rest and meal periods).

61. By engaging in theses business practices, which are unfair business practices within the meaning of Business & Professions Code §§ 17200-*et. seq.*, Defendants harmed Plaintiff herein, and thus by that design and plan gained an unfair competitive edge in the marketplace.

62. Under Business & Professions Code § 17203, Plaintiff is entitled to obtain restitution of these funds on behalf of himself affected by Defendants' unfair business practices as enumerated herein.

63. Pursuant to Business & Professions Code § 17203, injunctive relief is necessary to prevent Defendants from continuing to engage in the unfair business practices as alleged herein. Plaintiff is informed and believes that Defendants, and persons acting in concert with them, have committed and will continue to commit the above unlawful acts unless restrained or enjoined by this Court. Unless the relief prayed for below is granted, a multiplicity of actions will result. Plaintiff has no plain, speedy, or adequate remedy at law, in that pecuniary compensation would not afford adequate and complete relief. The above-described acts will cause great and irreparable damage to Plaintiff herein, unless Defendants are restrained from committing further illegal acts.

64. Plaintiff's success in this action will result in the enforcement of important rights. Private

11

enforcement of the rights enumerated in this complaint is necessary, as public agencies have only sought limited enforcement of those rights, if any.    Plaintiff, individually and by and through counsel, has incurred and continues to incur a financial burden in pursuing this action. Plaintiff further seeks to enjoin the above-referenced unlawful actions under the Labor Code. Therefore, Plaintiff seeks an award of attorney's fees and costs of suit on this cause of action pursuant to Code of Civil Procedure § 1021.5 and other applicable Labor Code sections.

### SEVENTH CAUSE OF ACTION

**(Failure to Pay Overtime and to Furnish Itemized Wage Statement**

**Labor Code, Section 2699 - Against All Defendants)**

65.  Plaintiff realleges and incorporates by reference under this cause of action each and every allegation made in each and every paragraph hereinabove, as if fully set forth hereunder.

66.  By the conduct described above, Defendants, and each of them, have failed to pay Plaintiff's overtime compensation as required by Section 510 of the California Labor Code and failed to furnish Plaintiff's with an itemized wage statement as required by Labor Code, Section 226(a)(2) and (9).

67.  By reason of the above, Plaintiff is entitled to a payment of a penalty of $50 per pay period for each employee for the initial violation and $100 per pay period for each employee for each subsequent violation, for the failure to furnish an itemized wage statement, up to a maximum of $4,000 per employee, and Plaintiff is entitled to a payment of $50 per pay period for each employee for the initial violation and $100 per pay period for each employee for each subsequent violation, for failure to pay overtime compensation.

68.  Plaintiff has complied with the Notice requirements of Labor Code, Section 2699.3(a)(1), as set for in paragraph 40 regarding a violation of Sections 226, 510 and 558 of the Labor Code, prior to commencing this action.

69.  Plaintiff therefore has a private right of action against all defendants, both business and individual, pursuant to California Labor Code Section 558 (a).

PLAINTIFFS' COMPLAINT FOR DAMAGES, RESTITUTION AND  STATUTORY PENALTIES

**WHEREFORE,** Plaintiff YURMAN respectfully prays this Court enter judgment in favor of Plaintiff YURMAN, and against Defendants, and each of them, as follows:

1. For back pay, front pay, and other Special Damages according to proof;

2. For general Damages as shall be shown at the time of trial;

3. For all statutory damages;

4. For restitution of all monies due to YURMAN, and disgorgement of profits from the unlawful business practices of Defendants;

5. For pre-judgment and post-judgment interest on all damages awarded;

6. For all penalties imposed as stipulated by the California Labor Code; including waiting time penalties, pursuant to Labor Codes §§ 203 and 558.

7. For reasonable attorneys' fees, pursuant to Labor Code §§ 218.5, 2699. Code of Civil Procedure §1021.5, Business & Professions Code § 17200-*et seq.*, and according to any other attorney-fee statutes found by the Court to apply to the facts presented at trial;

8. For costs of suit incurred;

9. For compensation of one hour at the regular rate of pay for each meal period denied and each rest period denied in violation of Labor Code §§ 226.7, 512 and all IWC Wage Orders applicable to Plaintiff's industry and occupation, according to proof;

10. For a preliminary and permanent injunction ordering each and every Defendant to cease such unlawful and unfair practices as alleged herein above and proved to the Court at the time of trial, requiring the establishment of appropriate and effective means to prevent future violations; AND

11. For such other and further relief as the Court deems just.

DATED: <u>May 29, 2008</u>          **UNITED EMPLOYEES LAW GROUP, PC**

RICHARD W. GREENBAUM
Attorney for Plaintiff,
JAMES D. YURMAN

13

PLAINTIFFS' COMPLAINT FOR DAMAGES, RESTITUTION AND STATUTORY PENALTIES

# EXHIBIT B

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

| | |
|---|---|
| **NOTICE TO DEFENDANT:**<br>*(AVISO AL DEMANDADO):*<br><br>PLATO, INC., a Delaware corporation doing business in California;<br>THE LIGHTSPAN PARTNERSHIP, INC., a California corporation; and<br>DOES 1-25,<br><br>**YOU ARE BEING SUED BY PLAINTIFF:**<br>*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*<br>JAMES D. YURMAN, an individual | *FOR COURT USE ONLY*<br>*(SOLO PARA USO DE LA CORTE)* |

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>Superior Court of California County of Santa Cruz (Main Courthouse)<br>701 Ocean St,. Santa Cruz, CA 95060-4086 | CASE NUMBER:<br>*(Número del Caso)* CV 1 60 4 32 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
UNITED EMPLOYEES LAW GROUP
65 Pine Ave, # 312, Long Beach, CA 90240

| DATE: | | Clerk, by | | , Deputy |
|---|---|---|---|---|
| *(Fecha)* JUN – 4 2008    ALEX CALVO | | *(Secretario)* KAREN LAI | | *(Adjunto)* |

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:

3. ☒ on behalf of *(specify)*: *Plato, Inc., a Delaware corporation doing business in California*

  under: ☒ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
         ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
         ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
         ☐ other *(specify)*:
4. ☐ by personal delivery on *(date)*:

[SEAL]

Page 1 of 1

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. January 1, 2004] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>American LegalNet, Inc. \| www.USCourtForms.com |
|---|---|---|

**[EXHIBIT B]**

# EXHIBIT C

## *NATIONAL REGISTERED AGENTS, INC.*

### *SERVICE OF PROCESS SUMMARY TRANSMITTAL FORM*

To: MONA SETH
PLATO LEARNING, INC.
10801 NESBITT AVENUE SOUTH
BLOOMINGTON, MN 55437-

SOP Transmittal # **CA59639**

(800) 767-1553 - Telephone
(609) 716-0820 - Fax

Defendant: PLATO, INC.
(Entity Served)

Enclosed herewith are legal documents received on behalf of the above captioned entity by National Registered Agents, Inc. or its Affiliate  in the State of    CALIFORNIA       on this  8  day of      July      ,  2008   . The following is a summary of the document(s) received:

1.    **Title of Action:** James D. Yurman v. Plato, Inc., et al.

2.    **Document(s) served:**

| | | |
|---|---|---|
| **✗** Summons | __ Subpoena | __ Injunction |
| **✗** Complaint | __ Third Party Complaint | __ Notice of |
| __ Petition | __ Demand for Jury Trial | __ Mechanics Lien |
| __ Garnishment | __ Default Judgement | __ Other: |

3.    **Court of Jurisdiction/**     Santa Cruz County Superior Court, Main Courthouse
      **Case & Docket Number:** CV 160432

4.    **Amount Claimed, if any:** Please See Attached

5.    **Method of Service (select one):**
      **✗** Personally served by:  **✗** Process Server     __ Deputy Sheriff        __ U. S Marshall
      __ Delivered Via:       __ Certified Mail       __ Regular Mail         __ Facsimile
                              (Envelope enclosed)     (Envelope enclosed)

      __ Other (Explain):

6.    **Date and Time of Service:** 7/8/2008 1:22:15 PM PST (GMT -8)

7.    **Appearance/Answer Date:** 30 Days

8.    **Plaintiff's Attorney:**        United Employees Law Group, P.C.
      (Name, Address & Telephone Number)  65 Pine Avenue
                                          Suite 312
                                          Long Beach, CA 90240
                                          (562) 256-1047

9.    **Federal Express Airbill #** 798475630030

10.   **Call Made to:** VM - General Voice Mail for Mona Seth

11.   **Special Comments:**

**NATIONAL REGISTERED AGENTS, INC.**                **Copies To:**

Transmitted by: Dena LaPorta

The information contained in this Summary Transmittal Form is provided by National Registered Agents, Inc. for informational purposes only and should not be considered a legal opinion.  It is the responsibility of the parties receiving this form to review the legal documents forwarded and to take appropriate action.

ORIGINAL

**[EXHIBIT C]**

## NATIONAL REGISTERED AGENTS, INC.

### SERVICE OF PROCESS SUMMARY TRANSMITTAL FORM

To:  MONA SETH
PLATO LEARNING, INC.
10801 NESBITT AVENUE SOUTH
BLOOMINGTON, MN 55437-

SOP Transmittal # **CA59639**

(800) 767-1553 - Telephone
(609) 716-0820 - Fax

Defendant: PLATO, INC.
(Entity Served)

Enclosed herewith are legal documents received on behalf of the above captioned entity by National Registered Agents, Inc. or its Affiliate  in the State of       CALIFORNIA        on this  8  day of       July      ,  **2008**  . The following is a summary of the document(s) received:

1.    **Title of Action:** James D. Yurman v. Plato, Inc., et al.

2.    **Document(s) served:**

| | | |
|---|---|---|
| **x** Summons | __ Subpoena | __ Injunction |
| **x** Complaint | __ Third Party Complaint | __ Notice of |
| __ Petition | __ Demand for Jury Trial | __ Mechanics Lien |
| __ Garnishment | __ Default Judgement | __ Other: |

3.    **Court of Jurisdiction/**      Santa Cruz County Superior Court, Main Courthouse
**Case & Docket Number:**  CV 160432

4.    **Amount Claimed, if any:** Please See Attached

5.    **Method of Service** (select one)**:**
**x** Personally served by:   **x** Process Server        __ Deputy Sheriff        __ U. S Marshall
__ Delivered Via:         __ Certified Mail          __ Regular Mail          __ Facsimile
                              (Envelope enclosed)          (Envelope enclosed)
__ Other (Explain):

6.    **Date and Time of Service:** 7/8/2008 1:22:15 PM PST (GMT -8)

7.    **Appearance/Answer Date:** 30 Days

8.    **Plaintiff's Attorney:**           United Employees Law Group, P.C.
(Name, Address & Telephone Number)    65 Pine Avenue
                                   Suite 312
                                   Long Beach, CA 90240
                                   (562) 256-1047

9.    **Federal Express Airbill #** 798475630030

10.  **Call Made to:** VM - General Voice Mail for Mona Seth

11.    **Special Comments:**

**NATIONAL REGISTERED AGENTS, INC.**              **Copies To:**

Transmitted by: **Dena LaPorta**

The information contained in this Summary Transmittal Form is provided by National Registered Agents, Inc. for informational purposes only and should not be considered a legal opinion.  It is the responsibility of the parties receiving this form to review the legal documents forwarded and to take appropriate action.

ACKNOWLEDGEMENT COPY - INITIAL AND RETURN TO NRAI

# EXHIBIT D

# Corporations

The information displayed here is current as of "AUG 01, 2008" and is updated weekly. It is not a complete or certified record of the Corporation.

---

For information about certification of corporate records or for additional corporate information, please refer to **Corporate Records**. If you are unable to locate a record, you may request a more extensive search by ordering a status report. Fees and instructions for ordering a status report are included on the **Business Entities Records Order Form**. Certificates and/or certified copies can also be requested using the order form.

Results of search for " **Lightspan Partnership, Inc.** "

*Click on the name of the corporation for additional information.*

| Corp Number | Date Filed | Status | Corporation Name | Agent for Service of Process |
|---|---|---|---|---|
| C1865928 | 9/15/1993 | merged out | **THE LIGHTSPAN PARTNERSHIP, INC.** | JEFFREY G BLACK |

**[EXHIBIT D]**

# EXHIBIT E

**From:** Richard W. Greenbaum, Esq. [mailto:rgreenbaum@uelglaw.com]
**Sent:** Monday, July 28, 2008 6:16 PM
**To:** Jordan-Huffman, David
**Subject:** Yurman v. Plato settlement status

David,

I appreciate your willingness to work with me, as we consider whether this case can be resolved, without the parties incurring a great deal of unnecessary expense. In furtherance or our recent telephone and email communications, we would appreciate your advising us of where you and your clients stand, with regard to the possibility of reaching a settlement at this time. As you know, our policy has been to provide you with whatever information you need to complete your case evaluation. We believe we have done so, with respect to both the exemption issue and the basis of Mr. Yurman's damages claim.

At this time, Mr. Yurman is requesting that we take whatever action is necessary to speed this process, as he believes it will be in the best interests of all parties to put this situation behind them. Accordingly, despite our rising attorney fees, he has authorized us to resolve this case for the amount of the original demand, $99,185.39, waiving any subsequently incurred attorney's fees, as well as penalties (estimated to be in excess of $62,000), if the settlement can be completed and fully paid on or before August 15, 2008.

We look forward to your response and, hopefully, an early case resolution.

Richard

———————————————————

**Richard W. Greenbaum, Esq.**
**UNITED EMPLOYEES LAW GROUP, PC**
**Tel: 562-256-1047 - Fax: 562-256-1006**

Confidentiality Notice: This e-mail message may contain proprietary, confidential, or privileged information intended solely for the named recipient(s) and protected by the Attorney Work Product Doctrine (Cal. Code Civ. Proc., § 2018.030.), Attorney-Client Privilege (Cal. Evid. Code, § 950 et seq.), or both. Any tax information or written tax advice contained herein (including any attachments) is not intended to be and cannot be used by any taxpayer for the purpose of avoiding tax penalties that may be imposed on the taxpayer. If you are not a named recipient, any disclosure, copying, distribution, or use of the contents of this message or the attachment(s) is prohibited and might result in civil or criminal penalties. If you have received this e-mail message in error, please permanently delete this message, destroy any copies, and immediately notify us by telephone at 562-256-1047.

This message contains confidential information intended only for the use of the addressee(s) named above and may contain information that is legally privileged. If you are not the addressee, or the person responsible for delivering it to the addressee, you are hereby notified that reading, disseminating, distributing or copying this message is strictly prohibited. If you have received this message by mistake, please immediately notify us by replying to the message and delete the original message immediately thereafter. Thank you.

**[EXHIBIT E]**

JS 44  (Rev. 12/07)(cand rev 1-16-08)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  (SEE INSTRUCTIONS ON PAGE TWO OF THE FORM.)

## I. (a) PLAINTIFFS

JAMES D. YURMAN, an individual,

## DEFENDANTS

PLATO, INC., a Delaware corporation doing business in California; THE LIGHTSPAN PARTNERSHIP, INC., a California corporation; Does 1-25

(b) County of Residence of First Listed Plaintiff
(EXCEPT IN U.S. PLAINTIFF CASES) **E-filing**

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c)  Attorney's (Firm Name, Address, and Telephone Number)

UNITED EMPLOYEES LAW GROUP, P.C.
Walter L. Haines (SBN 71075)/Gregory A. Douglas (SBN 147166)/
Richard W. Greenbaum (SBN 93911); 65 Pine Ave., #312,
Long Beach, CA 90802; Tel.: (562) 256-1047; Fax: (562) 256-1006

Attorneys (If Known)

Robert M. Pattison (SBN 103528)/Mark S. Askanas (SBN 122745)/
Punam Sarad (SBN 217091); JACKSON LEWIS LLP
199 Fremont St., 10th Fl., San Francisco, CA 94105-2249
Tel.: (415) 394-9400; Fax: (415) 394-9401

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

| | |
|---|---|
| ☐ 1  U.S. Government Plaintiff | ☐ 3  Federal Question (U.S. Government Not a Party) |
| ☐ 2  U.S. Government Defendant | ☒ 4  Diversity (Indicate Citizenship of Parties in Item III) |

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only)                                    and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury — | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury — | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | | | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | **LABOR** | **SOCIAL SECURITY** | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | Act | ☐ 862 Black Lung (923) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 740 Railway Labor Act | | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☒ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. | ☐ 870 Taxes (U.S. Plaintiff | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | Security Act | or Defendant) | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party | ☐ 900Appeal of Fee |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | **IMMIGRATION** | 26 USC 7609 | Determination |
| | Employment | ☐ 550 Civil Rights | ☐ 462 Naturalization Application | | Under Equal Access |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | ☐ 463 Habeas Corpus - | | to Justice |
| | Other | | Alien Detainee | | ☐ 950 Constitutionality of |
| | ☐ 440 Other Civil Rights | | ☐ 465 Other Immigration | | State Statutes |
| | | | Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

| | |
|---|---|
| ☐ 1  Original Proceeding | ☒ 2  Removed from State Court | ☐ 3  Remanded from Appellate Court | ☐ 4  Reinstated or Reopened | ☐ 5  Transferred from another district (specify) | ☐ 6  Multidistrict Litigation | ☐ 7  Appeal to District Judge from Magistrate Judgment |

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
Diversity 28 U.S.C. sections 1332 and 1441 (a)
Brief description of cause:
Wage and hour litigation

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23     DEMAND $      CHECK YES only if demanded in complaint:
JURY DEMAND:   ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY

PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE "NOTICE OF RELATED CASE".

## IX. DIVISIONAL ASSIGNMENT (CIVIL L.R. 3-2)
(PLACE AND "X" IN ONE BOX ONLY)     ☐ SAN FRANCISCO/OAKLAND     ☒ SAN JOSE

DATE
August 7, 2008

SIGNATURE OF ATTORNEY OF RECORD